# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1511 | **DATE** | 3/21/2003 |
| **CASE TITLE** | John F. Beckman, III vs. Edward J. Pajian, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due__ ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Because of numerous flaws in Pajian'ss Answer, it is stricken in its entirety, but without prejudice to his repleading via a self-contained Amended Answer and Affirmative Defenses. Leave is granted to file such a replacement pleading in this court's chambers on or before April 1, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 24 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/21/2003 | |
| SN | courtroom deputy's initials | 03 MAR 21 PM 4:36 date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

JOHN F. BECKMAN, III,           )
                                )
                    Plaintiff,  )
                                )
     v.                         )    No. 03 C 1511
                                )
EDWARD J. PAJIAN, et al.,       )
                                )
                    Defendants. )

                        MEMORANDUM ORDER

     Edward Pajian ("Pajian") has filed his Answer and
Affirmative Defenses to a personal injury Complaint, stemming
from a three-vehicle accident, brought by John Beckman, III
("Beckman") against Pajian, Matthew Lane ("Lane") and Pajian
Carpets, Inc. ("Pajian Carpets"). This memorandum order is
issued sua sponte to address some problematic aspects of that
responsive pleading.

     To begin with, Pajian disclaims under the second sentence of
Fed. R. Civ. P. ("Rule") 8(b) any ability to respond to the
Complaint's allegations as to Pajian Carpets' state of
incorporation and principal place of business. Although that
disclaimer is proper in form (see App. ¶1 to State Farm Mut.
Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)),
the fact that Pajian and Pajian Carpets share the same proper
name would strongly suggest the likelihood that he would have at
least enough information to support a belief as to the truth of
the allegations. This Court does not of course have any actual

knowledge on that score, but the law of probabilities would seem to indicate that Pajian's counsel ought to take a fresh look at the matter.

In somewhat the same vein, if Pajian has knowledge of the severity of the collision (as would seem most likely) such as to confirm the description of Beckman's highly serious injuries as alleged in Complaint ¶15, a like Rule 8(b) disclaimer as to the amount-in-controversy allegation of Complaint ¶4 would also appear questionable. Again Pajian's counsel must review the matter.

To shift to a pleading locution that is clearly impermissible, Pajian cannot decline to answer the jurisdictional allegation of Complaint ¶5 on the premise that it "is one of law, not fact, and is thus properly neither admitted nor denied." That is at odds both with the mandate of Rule 8(b) and with the principle that legal conclusions are a perfectly proper part of federal pleading (see App. ¶2 to State Farm). Indeed, counsel should take a look at the flat-out admission of jurisdiction that constitutes part of Form 21 of the Appendix of Forms following the Rules, which forms are expressly approved in Rule 84.

What has been said earlier as to Answer ¶3 applies with equal force to Answer ¶13. Again counsel must take a hard look at the issue.

Answer ¶14 is entirely unsatisfactory. Over and above the

2

point made earlier as to the need under the first sentence of Rule 8(b) to answer all of a plaintiff's allegations, a purported denial of the Complaint's allegations about Lane's negligence "[t]o the extent that any of the allegations are directed toward this defendant [Pajian]" is nonsensical. Pajian must answer.

Finally, to return to Answer ¶15, Pajian may well take the position of denying that Beckman's injuries resulted from Pajian's alleged negligence. But it seems doubtful that an absolute denial of the injuries themselves may be made in the objective good faith required under Rule 11(b)(4).

Because of those numerous flaws in Pajian's Answer, it is stricken in its entirety, but without prejudice to his repleading via a self-contained Amended Answer and Affirmative Defenses. Leave is granted to file such a replacement pleading in this Court's chambers (with copies contemporaneously transmitted to counsel for the other parties) on or before April 1, 2003. No charge is to be made to Pajian by its counsel for the added work and expense incurred in correcting counsel's errors. Pajian's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: March 21, 2003